IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA D. CLEM, JOHN O'SULLIVAN,<br><br>        Plaintiffs,<br><br>    vs.<br><br>TODD RIEBE, an individual, MELINDA AIELLO, an individual, AMADOR COUNTY DISTRICT ATTORNEY'S OFFICE, a public entity, political subdivision of the COUNTY OF AMADOR, et al.,<br><br>        Defendants.<br>_____/ | No. CIV S-08-0013 FCD EFB PS<br><br><br><br><br><br><br><br><br><br>ORDER TO SHOW CAUSE |

This case is before the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Plaintiffs initiated this action by filing a complaint and paying the filing fee on January 2, 2008. On that same date, the court issued its initial scheduling order. That order directed plaintiffs to complete service of process within 120 days (*see* Fed. R. Civ. P. 4(m)), and set a status conference for May 14, 2008. The order further directed the parties to file status reports by no later than fourteen days prior to the status conference.

Plaintiffs failed to comply with the order. They failed to file status reports and they have failed to effect service of process on defendants. Accordingly, the court vacated the May 14, 2008, status conference and on June 30, 2008, ordered the plaintiffs to show cause in writing

1

1  why this case should not be dismissed for failure to serve and failure to obey court orders. Fed.
2  R. Civ. P. 4(m); Local Rule 11-110.

3  Plaintiffs filed a written response stating that a related state court criminal action is
4  currently pending against plaintiff O'Sullivan. They ask that they be allowed to file an amended
5  complaint within thirty days of the resolution of that state court action. It appears from the
6  complaint in this action that plaintiffs allege civil rights violations against various defendants in
7  connection with the prosecution of plaintiff, O'Sullivan, for the alleged mistreatment of his
8  horses and their subsequent seizure.

9  Plaintiffs assert that they filed the present action to preserve their rights prior to the
10 running of any applicable statute of limitations. However, they otherwise fail to explain how the
11 state court proceedings have any bearing on the present case, or why this matter should be stayed
12 pending its resolution. If the "related" state criminal proceeding is the underlying prosecution
13 giving rise to this case, plaintiffs have not shown how this action my proceed prior to completion
14 of that state criminal proceedings. *Heck v. Humphrey*, 512 U.S. 477 (1994).

15 Construing plaintiffs' response as a request to enlarge time to effect service of process
16 under Fed. R. Civ. P. 4(m), the court finds that plaintiffs have failed to demonstrate good cause
17 for such an extension.[1] Accordingly, the request is denied. Plaintiffs shall have ten days from
18 the date of this order to complete service of process in the manner required by Rule 4. Failure to
19 comply with this order may result in a recommendation that this action be dismissed.

20 SO ORDERED.

21 DATED: November 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 4(m), in order to avoid dismissal for failure to comply with the 120-day service window, a plaintiff may establish good cause for his failure to timely serve the defendants. *See United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004).

2