IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTA D. CLEM,
JOHN O'SULLIVAN,

      Plaintiffs,

vs.

TODD RIEBE, an individual, MELINDA AIELLO, an individual, AMADOR COUNTY DISTRICT ATTORNEY'S OFFICE, a public entity, political subdivision of the COUNTY OF AMADOR, et al.,

      Defendants.

No. CIV S-08-0013 FCD EFB PS

ORDER

Plaintiffs seek in this civil rights action to obtain damages for, *inter alia*, denial of due process based on the alleged withholding of exculpatory evidence, and malicious prosecution on charges of animal cruelty; plaintiffs also seek the return of their horses. This court has twice issued orders to show cause requiring plaintiffs, who proceed *in propria persona* in this fee-paid case, to explain their failure to timely serve process of the summons and their complaint, which was filed nearly a year ago, on January 2, 2008. In response to each order, plaintiffs have beseeched the court to wait until the anticipated dismissal of a related state criminal action against plaintiff O'Sullivan, and noted that the state criminal action against plaintiff Clem was previously dismissed.

1          Plaintiffs' most recent response, timely filed December 4, 2008, but lacking reference to
2   any legal authority, again acknowledges that plaintiffs filed the instant complaint to preserve
3   "the statute of limitations," noting that at the time "not all matters complained of thereunder had
4   ripened."  Pls.' Resp., filed Dec. 4, 2008, at p. 3.  They state that "serving the complaint at this
5   time could jeopardize the pending resolution of the criminal proceedings," "[now] scheduled for
6   dismissal this month, December, 2008."  *Id*.  Plaintiffs state that they have consulted with
7   criminal defense counsel, and "[t]wo separate federal trial attorneys," one of whom "has
8   tentatively agreed to accept the case and to substitute in shortly."  *Id*. at p. 2.  Plaintiffs further
9   state that projecting adequate time for dismissal of the underlying criminal case, amendment of
10  the instant complaint, and service of process of the amended complaint, "[f]ederal counsel had
11  indicated that a 60 day continuance would be sufficient to allow these things to occur."  *Id*. at p.
12  4.

13          Fed. R. Civ. P. 4(m) provides in pertinent part: "If a defendant is not served within 120
14  days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff –
15  must dismiss the action without prejudice against that defendant or order that service be made
16  within a specified time.  But if the plaintiff shows good cause for the failure, the court must
17  extend the time for service for an appropriate period. . . ."

18          "In other words, if good cause for the delay is shown, the court *must* extend the time for
19  service, while if good cause is not shown, the court has a choice between dismissing the suit and
20  giving the plaintiff more time ('direct that service be effected within a specified time')."  *United*
21  *States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (citing *Henderson v. United States*, 517
22  U.S. 654, 662-63 (1996)).  "Amendments [to Rule 4(m)] in 1993 accorded courts discretion 'to
23  enlarge the 120-day period even if there is no good cause shown.' [*Henderson*, 517 U.S. at 663.]
24  [¶ ] The 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve
25  meritorious lawsuits despite untimely service of process. . . . [D]istrict courts have broad
26  discretion under General Rule 4(m) to extend time for service even without a showing of good

2

cause. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). A district court may, for instance, extend time for service retroactively after the 120-day service period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). As the Seventh Circuit has noted, 'service of process today has become more flexible than it once was.' *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382 (7th Cir. 1998)." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.,* 366 F.3d 767, 772 (9th Cir. 2004).

While not cited by plaintiffs, and difficult to discern whether applicable to their 147-page, 23-count, complaint, it appears that this case may present the procedural conundrum articulated in *Wallace v. Kato*, 549 U.S. 384 (2007), which held that the statute of limitations for a § 1983 false arrest claim begins to run upon the claimant's detention, not the conclusion of criminal proceedings. *Id*., 127 S.Ct. at 1100 (distinguishing *Heck*[1]-barred actions challenging convictions or sentences that have yet to be invalidated, and the deferred accrual of those actions). The *Wallace* holding has been construed in this district to mark the accrual of all civil rights actions as the date upon which the plaintiff became aware of the alleged injury rather than the conclusion of related proceedings. *See Kamar v. Krolczyk*, 2008 WL 2880414, 7 (E.D. Cal. 2008) ("Nothing in *Wallace* appears to limit it to certain types of civil rights violations"). Accrual of state claims remains distinguishable. *See, e.g., Heck,* 512 U.S. at 489 ("a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor").

The accrual of claims/statutes of limitations/equitable tolling issues presented by the instant complaint appear to be both extensive and complex. On the other hand, this court is not simply a repository for preserving plaintiffs' claims without providing timely notice to defendants. While the court does not find good cause for plaintiffs' failure timely to serve process, it will, on balance – given plaintiffs' *pro se* status, and their now finite request for

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

extension of time – accord plaintiffs the benefit of the doubt and grant their request, reserving for later determination all legal issues concerning the timing, filing and service of plaintiffs' pleadings.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause filed November 25, 2008, is discharged; and

2. Within sixty (60) days of the filing date of this order plaintiffs shall file their amended complaint, complete service of process as provided in Rule 4, Fed. R. Civ. P. on all defendants, and file certificates of such service. The court will authorize no further extensions of time within which to effect service of process in this action absent a compelling and legally supported demonstration of good cause.

SO ORDERED.

DATED: December 30, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4