IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTA D. CLEM,
JOHN O'SULLIVAN,

        Plaintiffs,                        No. CIV S-08-0013 FCD EFB PS

    vs.

TODD RIEBE, et al.,

                                   ORDER

        Defendants.
_____/

        Presently pending for hearing before this court are defendants' motions to dismiss plaintiffs' amended complaint, presently scheduled for May 13, 2009. Also pending are plaintiffs' recently filed requests for further continuance of the hearing, their requests to proceed *in forma pauperis*, and their requests for appointment of counsel. Dckt. Nos. 28-31.

        Plaintiffs' request for continuance is granted without leave to file a further amended complaint. Defendants' motions to dismiss plaintiffs' first amended complaint shall be heard on June 24, 2009, at 10:00 a.m. in Courtroom No. 25.

        Plaintiffs next request leave to further proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on their changed financial conditions (plaintiffs paid the initial filing fee). Each plaintiff has submitted an affidavit in support of their application and, viewing the affidavits together as a combined household, and prospectively, the court finds that plaintiffs

meet the requirements required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiffs' requests to proceed *in forma pauperis* will be granted. However, plaintiffs shall not be reimbursed their filing fee. The granting of the application shall apply only to any future qualified costs and fees that might arise.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case in which *in forma pauperis* status has been granted if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court defers this determination to the court's consideration of the merits of defendants' pending motions to dismiss.

Plaintiffs next seek appointment of counsel. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." *Id*. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.* (citations and internal quotations omitted); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Viewing these factors in tandem, plaintiffs have failed to demonstrate the "exceptional circumstances" authorizing appointment of counsel. The 157-page amended complaint demonstrates plaintiffs' ability to articulate their claims, despite the complexity of the issues involved. While the court has yet to consider plaintiffs' likelihood of success on the merits of their claims, it will, in considering defendants' motions to dismiss, necessarily construe plaintiffs' *pro se* pleading in the light most favorable to plaintiffs, and will resolve any doubts in

their favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This assessment must first be undertaken. Should the court determine that plaintiffs state meritorious claims, they may renew their request for appointment of counsel. Accordingly, plaintiffs' request for appointment of counsel is denied without prejudice.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for continuance of the hearing on defendants' motion to dismiss is granted; the May 13, 2009 hearing is continued to June 24, 2009 at 10:00 a.m. in Courtroom No. 25.

2. Plaintiffs' requests to proceed *in forma pauperis* are granted, but waiver of fees and costs shall be prospective only.

3. Plaintiffs' requests for appointment of counsel are denied without prejudice.

SO ORDERED.

DATED: May 7, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE