1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KRISTA D. CLEM,
     JOHN O'SULLIVAN,
11
                        Plaintiffs,                    No. CIV S-08-0013 FCD EFB PS
12
            vs.
13
     TODD RIEBE, et al.,                               ORDER AND
14                                                     FINDINGS AND RECOMMENDATIONS
                        Defendants.
15   _____/

16          This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On March 19,

18   2010, the assigned district judge adopted the undersigned's February 3, 2010 findings and

19   recommendations; dismissed John Vail and the County of Amador without prejudice; dismissed

20   all other defendants with prejudice; and granted plaintiffs sixty days (or until May 18, 2010) to

21   file an amended complaint.  Dckt. No. 47.  The March 19 order admonished plaintiffs "that

22   failure to file an amended complaint [would] result in a recommendation by the magistrate judge

23   that this action be dismissed."  *Id.*  The order also directed plaintiff Clem to file a proper notice

24   pursuant to Federal Rule of Civil Procedure ("Rule") 25(a)(1) within twenty-one days (or by

25   April 9, 2010).  *Id.*

26   ///

                                                  1

On June 7, 2010, because plaintiff Clem failed to file a Rule 25 notice and plaintiffs failed to file an amended complaint as provided in the March 19 order, defendants Vail and County of Amador filed a motion to dismiss this action pursuant to Rule 41(b) based on plaintiffs' failure to prosecute the action.[1]  Dckt. No. 48.  The motion is currently noticed for hearing on July 14, 2010.  *Id.*

Court records reflect that, in addition to their failure to file a Rule 25 notice and/or an amended complaint despite having been admonished that failure to do so would result in a recommendation of dismissal, plaintiffs have filed neither an opposition nor a statement of non-opposition to defendants' motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by June 30, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

---

[1]  On June 9, 2010, defendants County of El Dorado, Vern Pierson, and Trish Kelliher filed a notice of non-opposition to the motion to dismiss.  Dckt. No. 49.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that the hearing on defendants' motion to dismiss, Dckt. No. 48, is vacated.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss for failure to prosecute, Dckt. No. 48, be granted;

2. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiffs' failure to prosecute the action; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2010

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE